UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60584-CIV-MARRA

COURT-APPOINTED RECEIVER OF
LANCER MANAGEMENT GROUP LLC,
et al.

    Plaintiffs

vs.

MICHAEL LAUER, et al.

    Defendants.
_____/

## ORDER AND OPINION ON MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon John E. Schmidt's, Executor of Estate of James Kelly, Motion to Dismiss First Amended Complaint For Lack of Personal Jurisdiction, Lack of Standing, and For Failure to State a Cause of Action [DE 248]; and Shamrock Partners Ltd.'s Motion to Dismiss First Amended Complaint For Lack of Personal Jurisdiction and For Failure to State a Cause of Action [DE 247]. These motions are fully briefed and ripe for review. The Court has carefully considered the motions, responses, replies and is otherwise fully advised in the premises.

### Introduction and Background Allegations

On May 19, 2006, Marty Steinberg, Esq. (the "Receiver"), court-appointed receiver of Lancer Management Group, LLC ("LMG"), Lancer Management Group II, LLC ("LMG II"), Lancer Offshore, Inc. ("Offshore"), Omnifund, Ltd. ("Omnifund"), LSPV, Inc., LSPV, LLC, Alpha Omega Group, Inc., CLR Associates, LLC and G.H.

Associates, LLC (collectively the "Receivership Entities") and responsible person for Lancer Partners, L.P.[1] ("Partners"), brought this action on behalf of the Receivership Entities against Michael Lauer ("Lauer") and his business and personal associates for allegedly depleting the assets of the hedge funds known as Offshore, Partners, and Omnifund[2] for their own benefit. Compl. ¶ 1. This action is brought on behalf of all the Funds and asserts claims for damages caused directly to the Funds by Lauer and the other defendants. It is alleged that Lauer depleted the Funds by investing millions of dollars in a small number of companies (the "Lancer-Controlled Shells"), such as Nu-D-Zine Bedding & Bath, Inc., SMX Corp. AUG Corp., and Fidelity First Financial Corporation, among others. Compl. ¶ 2. Shares of the Lancer-Controlled Shells were not listed on any major exchange and were instead traded infrequently on the over-the-counter markets. *Id*.

The Amended Complaint [DE 147] seeks damages on behalf of the Receivership Entities and Partners for the misconduct of Lauer and other defendants, including Shamrock Partners Ltd. ("Shamrock") and James Kelly ("Kelly") (together, "Defendants"), for aiding and abetting breach of fiduciary duty (Count III); unjust

---

[1] On April 16, 2003, Lancer Partners, L.P. filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut. On July 24, 2003, the Connecticut Bankruptcy Court entered an order recognizing the Receiver as the responsible person for Partners by virtue of the Receiver's control of LMG II, Partners' general partner. Compl. ¶ 16.

[2] In the Complaint, Omnifund, Offshore, Partners, LSPV Inc., and LSPV LLC are referred to collectively as the "Funds." Offshore and Omnifund are referred to collectively as the "Offshore Funds."

enrichment (Count IV); professional malpractice (Count V); breach of contract (Count VI); and equitable restitution under ERISA (Count IX).

As market makers in certain of the Lancer-Controlled Shells, it is alleged that Shamrock, through defendants Kelly and Joseph Huard, set artificially high bid prices for the companies. Lauer used the inflated bid prices to value all of the shares owned by the Funds in those companies. Compl. ¶¶ 2, 29, 118-19. Allegedly, Shamrock and Kelly violated the "best execution rule" of the National Association of Securities Dealers, Inc. ("NASD") by executing "buy" orders for the Funds at a price higher than the lowest available price. In doing so, Shamrock and Kelly helped Lauer justify artificially high values for those selected shell companies, thereby enabling Lauer to inflate his management and incentive fees. Compl. ¶ 122. It is also alleged that Shamrock benefitted personally from assisting Lauer. Compl. ¶ 123. Because Shamrock was willing to violate NASD regulations to assist Lauer in manipulating the price of the Lancer-Controlled Shells, the Funds executed a substantial number of trades through Shamrock, generating significant brokerage fees for Shamrock. *Id*. The Funds were Shamrock's biggest client. Compl. ¶¶ 122-23. Kelly also allegedly benefitted personally from assisting Lauer. Compl. ¶ 123. Among other things, it is alleged that Kelly joined Lauer, Martin Garvey, and Bruce Cowen as equal 25% shareholders of Capital Research and generated substantial bogus consulting fees. *Id*. Kelly died on November 27, 2006, and on December 18, 2006, the Chief Deputy Register of Wills for Delaware County issued letters testamentary to John E. Schmidt

("Schmidt") as the personal representative of Kelly's estate.

On December 29, 2006, Schmidt filed a Suggestion of Death pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedures.  On January 25, 2007, the Receiver filed a motion to substitute Schmidt as the defendant in place of Kelly.  On April 5, 2007, the Court entered an Order Granting Substitution, specifically noting that the Receiver filed the Motion to Substitute within the time frame provided by the Federal Rules of Civil Procedure and that the Executor had not objected to the substitution.  *See* DE 226 and 236.  Shamrock and Schmidt have filed Motions to Dismiss, raising eight arguments for dismissal of the Complaint.

## Standard of Review

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).  When a defendant challenges the plaintiff's standing through a motion to dismiss, the court must construe all disputed facts in the light most favorable to the plaintiff in an effort to discern whether relief could be granted under any set of facts that could be proven consistent with the allegations.  *See Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1080 (11th Cir. 2004).

To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is

and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-65 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1965.  Plaintiff must plead enough facts to state a plausible basis for the claim.  *Id.*

## Discussion

### Personal Jurisdiction over Schmidt as Personal Representative

In his Motion to Dismiss, Schmidt begins with the argument that the period of time for the Receiver to serve the Motion to Substitute Schmidt for Kelly as a defendant in this proceeding elapsed.  In response, the Receiver filed a motion requesting additional time to serve the Motion to Substitute on Schmidt.  That motion was granted by the Court by Amended Order on March 26, 2008.  Accordingly, Schmidt's argument that this action should be dismissed as to defendant Kelly for the Receiver's failure to serve the Motion to Substitute as required by Rule 4 is denied.

**Personal Jurisdiction over Kelly and Shamrock**

Defendants argue personal jurisdiction over Kelly and Shamrock is improper because Kelly was a resident and domiciliary of Pennsylvania, Shamrock is a Pennsylvania limited partnership with its principal place of business in Media, Pennsylvania, and no where in the Complaint is it alleged that either Defendant engaged in any business within the State of Florida, or otherwise had minimum contacts with the state of Florida.  In the Complaint, the Receiver alleges personal jurisdiction over Defendants pursuant to 28 U.S.C. §§ 754, 1334 and 1692.  Compl. ¶ 38.  As this Court has held in this and related cases involving this Receiver, through the interaction of 28 U.S.C. § 754 and 28 U.S.C. § 1969, the Court can acquire *in personam* jurisdiction over a defendant that has sufficient minimum contacts with a state where receivership property is situated and where the Receiver has filed in that judicial district, within ten days of his appointment, copies of the order of appointment.  *See e.g.,* DE 282.  *See also,* Order and Opinion Granting Wise Global's Motion to Dismiss, *Marty Steinberg v. A Analyst Limited, et al.*, 04-60898-Civ-Marra, DE 161.  Therefore, if the requirements of §§ 754 and 1692 are satisfied, this Court may obtain personal jurisdiction over a party not resident in this state so long as the non-resident can be served under the long-arm statute of another state where receivership property can be found.

The Receiver was originally appointed on July 10, 2003, and was then reappointed by order dated December 3, 2003.[3] The Receiver states that he filed a copy of the Order of Reappointment in compliance with 28 U.S.C. § 754 in the Eastern, Middle, and Western Districts of Pennsylvania on December 5, 2003. Because the filings were made in compliance with § 754, they are effective to establish jurisdiction over any defendant who could be subject to the jurisdiction of a court of general jurisdiction in Pennsylvania. *S.E.C. v. Vision Comm., Inc.*, 74 F.3d 287, 290-91 (D.C. Cir. 1996) 74 F.3d at 291; *Terry v. June,* 303CV00052, 2003 WL 22125300, *3 (W.D. Va. Sept.12, 2003) (courts addressing this issue "unanimously suggest that an order of reappointment will renew the ten-day filing deadline mandated by section 754"). Accordingly, the Complaint sufficiently pleads personal jurisdiction over Kelly and Shamrock pursuant to §§ 754 and 1692, and the motion to dismiss for lack of personal jurisdiction over Kelly and Shamrock is denied.[4]

---

[3] The Court takes judicial notice of its own records in the primary case, *SEC v. Michael Lauer et al.*, Case No. 03-80612-Civ-Marra, DE 109. *See Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) (a district court may take judicial notice of public records), cited with approval in *Universal Express, Inc. v. S.E.C.*, 177 Fed. Appx. 52 (11th Cir. 2006) (unpublished).

[4] Because the Court finds the Complaint sufficiently pleads personal jurisdiction over Defendants through the collective extraterritorial reach of § 753, the power to issue process under § 1692, and Rule 4(k)(1)(D), it is unnecessary to address the Receiver's alternative argument that the Court has personal jurisdiction over Defendants by virtue of the nationwide service of process provisions of Fed. R. Bankr. P. 7004.

*In Pari Delicto*

Defendants contend that the equitable doctrine of *in pari delicto* deprives the Receiver of standing to sue them and bars his claims. Under the doctrine of *in pari delicto*,[5] a plaintiff who has participated in the wrongdoing may not recover damages resulting from the wrongdoing. *Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1152 (11th Cir. 2006). Defendants argue the Receiver is barred from bringing claims against them on the grounds that a corporate wrongdoer cannot, through its receiver, be allowed to recover for the corporation the fruits of the alleged scheme in which the corporation was itself a participant.

*In pari delicto* is an affirmative defense. *Banco Industrial de Venezuela, C.A. v. Credit Suisse*, 99 F.3d 1045, 1050 (11th Cir. 1996). The Court is unable at this time to conclude that this defense can bar the Receiver's claims as a matter of law. Therefore, Defendants' Motions To Dismiss on *in pari delicto* grounds is denied, without prejudice.

---

[5] The Latin phrase "*in pari delicto*" means "of equal fault." *Perma Life Mufflers, Inc. v. Int'l Parts Corp.*, 392 U.S. 134, 135 (1968). "This common law defense "derives from the Latin, *in pari delicto potior est conditio defendentis*: 'In a case of equal or mutual fault ... the position of the [defending] party ... is the better one.'" *Id.* (quoting *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 306 (1985). The doctrine of *in pari delicto* is based on the policy that "courts should not lend their good offices to mediating disputes among wrongdoers" and "denying judicial relief to an admitted wrongdoer is an effective means of deterring illegality." *Id.*

**Conflict of Law**

When choosing which state's applicable substantive law will govern in pendent or supplemental state law claims, a federal district court will apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Hall v. Burger King Corp.*, 912 F.Supp. 1509 (S.D. Fla. 1995).  Florida utilizes the "most significant relationship" test of the Restatement (Second) of Conflicts of Law § 175 (1971) to determine which state's laws applies to tort claims. *Green Leaf Nusery v. E.I. DuPont De Nemours and Company*, 341 F.3d 1292, 1301 (11th Cir. 2003), *cert. denied,* 124 S. Ct. 2094 (2004).  Defendants assert that the law of Pennsylvania governs the Receiver's common law claims.  The Receiver asserts that Florida has the most significant relationship to the facts of this case.  Where there is no conflict between the law of Pennsylvania and the forum state as to a particular issue, the Court need not engage in a choice of law analysis and may apply Florida law to that issue.  *See Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1388 n.17 (11th Cir. 1988); *Fioretti v. Mass. Gen. Life Ins. Co.*, 53 F.3d 1228, 1234 n.21 (11th Cir. 1995).

**Aiding and Abetting Breach of Fiduciary Duty**

Defendants argue that Pennsylvania law applies to this claim, and under Pennsylvania law, claims for aiding and abetting breach of fiduciary duty are not recognized.  The Receiver responds that Florida law, not Pennsylvania law, applies and that these claims are recognized and adequately plead under Florida law.  The

Receiver further argues that Pennsylvania recognizes the claim of aiding and abetting breach of fiduciary duty and that he has alleged all of the elements for the claim, whether Florida or Pennsylvania law applies.  While the Supreme Court of Pennsylvania has never affirmatively recognized a cause of action for this tort, courts interpreting Pennsylvania law have overwhelmingly concluded that if the Supreme Court of Pennsylvania was faced with the question, it would recognize the cause of action of aiding and abetting breach of fiduciary duty, and district courts in Pennsylvania have entertained such a claim on numerous occasions.  *See e.g., Reis v. Barley, Snyder, Senfit & Cohen LLC*, 484 F. Supp. 2d 337, 352 (E.D. Pa. 2007) (denying motion to dismiss aiding and abetting breach of fiduciary duty claim because plaintiffs satisfied all elements for claim and predicting that the Supreme Court of Pennsylvania would recognize the tort); *Chicago Title Ins. Co. v. Lexington & Concord Search & Abstract, LLC*, No. 06-2177, 2007 WL 11183222, at *11 (E.D. Pa. Apr. 13, 2007) ("[a]fter reviewing all relevant precedent, the Court is persuaded that the Pennsylvania Supreme Court would recognize the tort of aiding and abetting breach of fiduciary duty"); *Doe v. Liberatore*, 478 F. Supp. 2d 742, 759 (M.D. Pa. 2007); *Clark Motor Co., Inc. v. Mfrs. and Traders Trust, Co.*, No. 07-cv-856, 2007 WL 2155528 (M.D. Pa. July 26, 2007); *Synthes (USA) v. Globus Medical, Inc.*, No. 04-1235, 2007 WL 2043184, at *11 (E.D. Pa. July 12, 2007); *Schuylkill Skyport Inn, Inc. v. Rich*, No. 95-3128, 1996 WL 502280, at *38 (E.D. Pa. Aug.21, 1996).

A claim for aiding and abetting breach of fiduciary duty in Pennsylvania requires: "1) a breach of a fiduciary duty owed to another; 2) knowledge of the breach by the aider and abettor; and 3) substantial assistance or encouragement by the aider and abettor in effecting that breach." *Synthes*, 2007 WL 2043184 at *11 (citing *Koken v. Steinberg*, 825 A.2d 723, 732 (Pa. Commw. Ct. 2003)); *Adena, Inc. v. Cohn*, 162 F. Supp. 2d 351, 357 (E.D. Pa. 2001). This is no different than what would be required under Florida law. As in Pennsylvania, if a claim for aiding and abetting a breach of fiduciary duty exists in Florida, it requires: (1) a fiduciary duty on the part of the primary wrongdoer; (2) a breach of this fiduciary duty; (3) knowledge of the breach by the alleged aider and abettor; and (4) the aider and abettor's substantial assistance or encouragement of the wrongdoing. *See In re Caribbean K Line, Ltd*, 288 B.R. 908, 919 (S.D. Fla. 2002); *see also AmeriFirst Bank v. Bomar*, 757 F. Supp. 1365, 1380 (S.D. Fla. 1991). Since there is no true conflict between the laws of Florida and Pennsylvania on the existence or elements of a claim for aiding and abetting breach of fiduciary duty, the Court will review the Receiver's allegations to see if they adequately state a claim.

The Complaint is based in large part on the alleged breach of fiduciary duty by the primary wrongdoer, Lauer. The Complaint, as it relates to market makers Kelly and Shamrock, also alleges actual knowledge of Lauer's breaches of fiduciary duty and their substantial assistance in his breaches. Compl. ¶¶ 119, 123, 124, 378-383. Among other things, it alleges how Shamrock and Kelly aided Lauer in managing and

administering the Funds in order to deceive investors, prepare overstated valuations, and manufacture trades to artificially inflate value.  Compl. ¶ 112, 118-125.  It is also specifically alleges that Defendants substantially assisted Lauer by violating the NASD's "best execution rule," which helped Lauer justify artificially high values for select shell companies.  Compl. ¶ 122.  Allegations that Shamrock and Kelly contributed to and witnessed the depletion of the Funds by intentionally setting artificially high bid prices for the Lancer-Controlled Shells satisfies the "high conscious intent" and a "conscious and specific motivation" to aid the fraud requirement.  Compl. ¶¶ 378-383.  *Schatz v. Rosenberg,* 943 F.2d 485, 496 (4th Cir. 1991) (citing *Woodward*, 522 F.2d at 97); *Abell v. Potomac Ins. Co.*, 858 F.2d 1104, 1126-27 (5th Cir. 1988); *In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, MDL No. 1446, 2005 WL 5784354, *28 (S.D. Tex. Feb. 16, 2005).  The motion to dismiss the claim for aiding and abetting breach of fiduciary duty is denied.

**Unjust Enrichment**

Defendants argue that the unjust enrichment claim should be dismissed because the Receiver has failed to plead the absence of an adequate remedy at law and because the Receiver alleges the existence of a contract.  It is correct that "the theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy."  *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1326  (S.D. Fla. 2000) (quoting *Gary v. D. Agustini & Asociados, S.A.*, 865 F. Supp. 818, 827 (S.D. Fla. 1994)); *see also In re Managed Care*

*Litig.,* 185 F. Supp. 2d 1310, 1337 (S.D. Fla. 2002).

The Receiver may, however, maintain an equitable unjust enrichment claim in the alternative to his legal claims against Defendants. Federal Rules of Civil Procedure 8(a) and 8(e)(2) specifically authorize a plaintiff to plead causes of action in the alternative. *Adelphia Cable Partners, Inc. v. E & A Beepers Corp.*, 188 F.R.D. 662, 666 (S.D. Fla. 1999) ("[a]lthough equitable relief ultimately may not be awarded where there exists an adequate remedy at law, Plaintiff certainly may plead alternative equitable relief"). In addition, it is not upon the allegation of the existence of a contract, but upon a showing that an express contract exists that the unjust enrichment count fails. *Williams v. Bear Stearns & Co.*, 725 So.2d 397, 400 (Fla. Dist. Ct. App. 1998). Until an express contract is proven, a motion to dismiss a claim for unjust enrichment on these grounds is premature.

The Receiver has not, however, included in his claim for unjust enrichment the allegation that no other adequate legal remedy exists. This flaw was also present in the Receiver's complaint in *Steinberg v. Taubman, et al.*, Case No. 05-60199. In that case, the Court granted the Receiver leave to amend the complaint to add the allegation that no other adequate legal remedy exists and that the equitable claim was plead in the alternative to its legal claims. The Receiver should be permitted to do the same in this case. The Court does not discern any significant prejudice to Defendants in allowing the Receiver to make this amendment. The motion to dismiss the Unjust Enrichment claim is granted, with leave to amend.

**Professional Malpractice**

Defendants argue that the Receiver's claim for professional malpractice is deficient under Florida law because the Receiver fails to allege that Defendants are "professionals" as Florida law defines that term. In other ancillary matters, the Court has consistently dismissed this claim where it is not alleged that the defendant works in a profession that requires at a minimum a four-year college degree before licensing is possible. Fla. Stat. § 95.11; *Garden v. Frier*, 602 So.2d 1273, 1275 (Fla.1992). *See e.g., Bruhl v. PriceWaterhousecoopers Int'l.*, 03-23044-Civ-Marra, 2007 WL 983263 at *8 (S.D. Fla. Mar. 27, 2007). The Receiver urges the Court to deviate from its previous rulings on this point and adopt a more general, broader definition of professional. The Receiver asserts this claim should go forward based on the duty of care the Defendants owed to the Funds, their "special responsibilities," financial expertise, and codes of conduct with which they were required to comply. The Court is not persuaded. There are no allegations which would bring Kelly, as President and CEO of Shamrock, or Shamrock, a NASD-licensed securities brokerage firm, within the definition of a "professional" as that term is defined by Florida Statute. Compl. ¶¶ 91, 96, 390-91.

Further, Pennsylvania law, which could be applicable, likewise commands that the Receiver's claim for professional malpractice must fail:

> Under Pennsylvania law, clients may bring tort actions against professionals who do not provide the client with services consistent with the standard expected of the

> profession. Professional negligence actions can be maintained only against persons licensed in Pennsylvania or another state as: (1) health care providers are defined in 40 Pa. Cons.Stat. § 1303.503; (2) accountants; (3) architects; (4) chiropractors; (5) dentists; (6) engineers or land surveyors; (7) nurses; (8) optometrists; (9) pharmacists; (10) physical therapists; (11) psychologists; (12) veterinarians; or (13) attorneys. Pa. R. Civ. P. 1042.1. The elements of a professional negligence claim against an attorney are: 1) employment of the attorney or other basis for duty; 2) the failure of the attorney to exercise ordinary skill and knowledge; and 3) that such failure proximately caused damage to the plaintiff. *Kituskie v. Corbman*, 552 Pa. 275, 714 A.2d 1027, 1030 (1998).

*In re American Investors Life Ins. Co. Annuity Marketing and Sales Practices Litigation* MDL Docket No. 1712, 2007 WL 2541216 at *32 (E.D. Pa. Aug. 29, 2007). Absent allegations that Defendants meet the definition of a professional under Florida or Pennsylvania law after a conflict of laws analysis, the Receiver's malpractice claim cannot stand. The motion to dismiss for failure to state a claim for professional malpractice is granted, without prejudice.

**Breach of Contract**

Defendants argue that the count for breach of contract cannot stand because the Receiver fails to include any factual allegations regarding the purported contract between each Defendant and any of the Receivership Entities. "Under Florida law,[6] '[i]t is elementary that in order to recover on a claim for breach of contract the burden is upon the claimant to prove by a preponderance of the evidence the

---

[6] Defendants cite exclusively to Florida law in challenging this claim.

existence of a contract, a breach thereof and damages flowing from the breach.'" *North American Clearing, Inc. v. Brokerage Computer Systems, Inc.*, No. 07-cv-1503, 2008 WL 341309, *2 (M.D. Fla. Feb. 5, 2008) (quoting *Knowles v. C.I.T. Corp.*, 346 So.2d 1042, 1043 (Fla. Dist. Ct. App. 1977)).

Under this standard and upon due consideration of the Complaint, the Court finds that the Receiver has sufficiently alleged that:

1) Kelly and Shamrock agreed to provide services for the Funds pursuant to express oral and/or written contracts with the Funds.  Compl. ¶ 395;

2) Kelly and Shamrock breached their contract with the Funds by aiding and abetting Lauer's and other's breaches of their fiduciary duties, by providing unreasonable investment advice, by providing incompetent consulting, investment, and valuation services, and by exploiting the Funds for their own personal gain. Compl. ¶ 396-97; and

3) the Funds suffered substantial damages, which damages are articulated in five enumerated paragraphs as a direct result of the breach.  Compl. ¶ 397.

The Receiver has alleged sufficient facts to constitute a "short and plain statement of the claim" of breach of contract so as to provide sufficient notice to Defendants.  Fed. R. Civ. P. 8.  The motion to dismiss for failure to state a claim for breach of contract is denied.

**Receiver's Standing to Assert Claim for Equitable Restitution Under ERISA**

Defendants devote one paragraph to challenge the Receiver's standing to bring a claim for equitable relief as an ERISA fiduciary under 29 U.S.C. § 1132(a)(3). The Court has already found that by alleging that he is an ERISA fiduciary with respect to the underlying assets of Offshore, the Receiver sufficiently pleads that he has standing to assert ERISA claims. See DE 282 at 8; DE 284. Compl. ¶¶ 398-415. The motion to dismiss for failure to state a cause of action for equitable restitution under ERISA is denied.

**Statute of Limitations**

Defendants argue that the state-law causes of action are time barred pursuant to Fla. Stat. § 95.11, but dismissal on statute of limitations grounds is not appropriate here. A statute of limitations bar is "an affirmative defense, and ... plaintiff[s][are] not required to negate an affirmative defense in [their] complaint." *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citing *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993)). A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is "apparent from the face of the complaint" that the claim is time-barred. *Id.* (citing *Omar v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003)); *Carmichael v. Nissan Motor Acceptance Corp.*, 291 F.3d 1278, 1279 (11th Cir.2002). It is not apparent from the face of the Complaint that the Receiver's claims are time-barred and Defendants fail to specify any particular paragraph or allegation where a claim is, on its face, time

barred. The motion to dismiss the Receiver's state law tort claims as barred by the statute of limitations is denied.

## Conclusion

In accordance with the findings above, it is hereby

**ORDERED AND ADJUDGED** that John E. Schmidt's, Executor of Estate of James Kelly, Motion to Dismiss First Amended Complaint For Lack of Personal Jurisdiction, Lack of Standing, and For Failure to State a Cause of Action **[DE 248] and** Shamrock Partners Ltd.'s Motion to Dismiss First Amended Complaint For Lack of Personal Jurisdiction and For Failure to State a Cause of Action **[DE 247] are GRANTED IN PART AND DENIED IN PART** as explained above, without prejudice, with leave to replead within twenty days of receipt of this Opinion and Order in a manner consistent with this Opinion.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 31st day of March, 2008.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record