UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60584-CIV-MARRA

COURT-APPOINTED RECEIVER OF
LANCER MANAGEMENT GROUP LLC,
et al.

    Plaintiffs

vs.

MICHAEL LAUER, et al.

    Defendants.
_____/

## ORDER AND OPINION DENYING MOTIONS TO STAY OR ABATE

THIS CAUSE is before the Court upon Defendant, Martin Garvey's Motion to Stay or Abate [DE 389]; Defendant Eric Hauser's Motion to Adopt Co-Defendant Garvey's Motion to Stay or Abate [DE 390][1] and Defendants, Milton Barbarosh and Stenton Leigh Capital Corp.'s Motion to Stay or Abate [DE 412]. The Court has carefully considered the motions, responses, replies and is otherwise fully advised in the premises.

The Second Amended Complaint ("SAC") [DE 358] in this civil action names 19 defendants. The SAC asserts claims against Martin Garvey ("Garvey") and Eric Hauser ("Hauser"), among others, for negligence and waste (Count 1), breach of fiduciary duty (Count 2), aiding and abetting breach of fiduciary duty (Count 3), unjust

---

[1] Defendant Hauser's Motion to Adopt requests an order granting him the right to adopt defendant Garvey's Motion and, presumably, to obtain a stay of this action against him. The motion states that "Garvey's motion raises issues that apply equally to him." DE 390 at 1.

enrichment (Count 4), breach of ERISA fiduciary duties (Count 7), liability as ERISA co-fiduciaries (Count 8), and equitable restitution under ERISA §§ 502(a)(3) and 502(1) (Count 9).  The SAC asserts claims against Milton Barbarosh ("Barbarosh") for aiding and abetting breach of fiduciary duty (Count 3), unjust enrichment (Count 4), professional malpractice (Count 5), breach of contract (Count 6), and equitable restitution under ERISA §§ 502(a)(3) and 502(1) (Count 9).

Five of the 19 defendants, Michael Lauer, Garvey, Hauser, Barbarosh,[2] and Laurence Isaacson, are also defendants in a criminal action styled *United States v. Michael Lauer, et al.*, Case No. 08-CR-20071-JORDAN ("the Criminal Action").  In the indictment, Garvey, Hauser, and Barbarosh (collectively, "Movants") are charged with conspiracy to commit wire, mail and securities fraud (Count 1) and wire fraud (Counts 2-7).  The underlying facts giving rise to the indictment in the Criminal Action are the same as those alleged by the Receiver in his causes of action asserted against Garvey, Hauser, and Barbarosh in the instant matter.[3]

---

[2]  Barbarosh is also currently a defendant in a case styled *Steinberg et al. v. Alpha Fifth Group, et al.*, Case No. 04-60899-CIV-MARRA, which asserts claims for fraudulent transfer and unjust enrichment.

[3]  Garvey is also a defendant in an adversary proceeding in bankruptcy court styled *Lancer Partners, L.P. v. Martin Garvey*, 07-BR-01187-OLSON.  The bankruptcy case seeks to avoid various allegedly fraudulent transfers from Lancer Partners to Garvey.  Judge John K. Olson denied a similar motion to stay/abate filed by Garvey in the bankruptcy case.  The bankruptcy court found that "Garvey has not established that his invocation of his Fifth Amendment rights would result in the automatic entry of summary judgment against him.  Moreover, although there may be some overlap of the Adversary Proceeding with the Criminal Proceeding, the Court finds that the similarities between the two cases are not such that this Adversary Proceeding should

As the Receiver has recalled in the SAC, the Securities and Exchange Commission ("SEC") previously deposed Garvey, Hauser, and Barbarosh, and all three defendants invoked their Fifth Amendment privilege against self-incrimination in response to all meaningful questions relating to their role in the portfolio holdings of the Lancer Entities.  SAC ¶¶ 337, 339, 340, 346-350.  Movants state that they will likewise assert their Fifth Amendment privilege against self-incrimination with regard to virtually all allegations against them in this action.  According to Movants, this position would place them "in the untenable position of being unable to respond to the Second Amended Complaint on its merits while the criminal action remains pending."  DE 389 at 3.  Movants request an order staying or abating this action against them until such time as the Criminal Action has concluded.  DE 389 at 6.

There is no dispute that federal courts possess the inherent power to stay a case.  *See e.g., Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Shell Oil Co. v. Altina Assocs., Inc.*, 866 F. Supp. 536, 540 (M.D. Fla. 1994).  "The [F]ifth [A]mendment privilege against self-incrimination permits a person 'not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in the future criminal proceedings.'"  *Securities & Exchange Comm. v. Wright*, 261 Fed.Appx. 259, 262 -263 (11th Cir. 2008) *quoting Erwin v. Price*, 778 F.2d 668, 669 (11th Cir. 1985).

---

be stayed."  Case No. 07-BR-01187, DE 60 at 4.

The law regarding stays of civil actions is well-settled in the Eleventh Circuit. In *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 363-65 (11th Cir. 1994) ("*Lot 5"),* the Court articulated the following principles of law with respect to a stay of a civil action pending resolution of a related criminal action:

> [A] blanket assertion of the privilege is an inadequate basis for the issuance of a stay.  Rather, a court must stay a civil proceeding pending resolution of a related criminal prosecution only when "special circumstances" so require in the "interests of justice."  The court may deny a stay so long as the privilege's invocation does not compel an adverse judgment against the claimant.

*Id*. at 364 (citations omitted).

The Receiver argues that the motions to stay lack merit because the mere "blanket assertion of the Fifth Amendment privilege" in relation to the criminal prosecution does not itself justify a stay of this civil litigation.  The Receiver also asserts that Garvey, Hauser, and Barbarosh have not shown that the invocation of their Fifth Amendment privilege and the resulting "adverse inference" will deprive them of any defense to this case and will necessarily result in entry of summary judgment against them.  The Receiver urges this Court to "follow the lead of the Bankruptcy Court and deny the Motion to Stay and the Motion to Adopt."  DE 404 at 7.

Movants cite several cases from outside this jurisdiction which utilize more lenient standards for staying civil proceedings when there is a pending criminal

proceeding against the same defendant.[4]  However, the standard set by the Eleventh Circuit as to when a stay should be granted to prevent unconstitutional infringement is more narrow.  The law in the Eleventh Circuit requires consideration of whether, as a result of invoking the privilege, the defendant faces certain loss of the civil proceeding on summary judgment if the civil proceeding were to continue.  *Lot 5,* 23 F.3d at 364; *Pervis v. State Farm Fire & Casualty Co.*, 901 F.2d 944 (11th Cir. 1990).

Under this standard, Movants must show that invocation of the privilege in the instant matter will result in certain loss by automatic summary judgment.  *United States v. Two Parcels of Real Property*, 92 F.3d 1123, 1129 (11th Cir. 1996); *Pervis,* 901 F.2d at 946-47. This must be an actual adverse judgment, and not "merely the loss of the defendant's most 'effective defense.'"  *Securities & Exchange Comm. v. Incendy,* 936 F.Supp. at 955 (S.D. Fla. 1996); *Shell Oil Co.*, 866 F.Supp. at 540- 41.

In this case, because Movants have not yet asserted the privilege in response to discovery, it is impossible to determine if the assertion and subsequent inference will automatically give rise to liability subjecting Movants to an unfavorable summary

---

[4]  *E.g., Securities & Exchange Comm. v. Dresser,* 628 F.2d 1368 (D.C. Cir. 1980); *United States v. All Assets of Statewide Auto Parts, Inc.*, 971 F.2d 896 (2d Cir. 1992); *United States v. Puello*, 814 F.Supp. 1155 (E.D. N.Y. 1992); *Javier H. v. Garcia-Botello*, 218 F.R.D. 72 (W.D. N.Y. 2003); *Twenty First Century Corp. v. LaBianca*, 801 F.Supp. 1007 (E.D. N.Y. 1992); *In re Par Pharmaceuticals, Inc. Securities Litigation*, 133 F.D.R. 12 (S.D. N.Y. 1990); *Maloney v. Gordon*, 328 F. Supp. 2d 508 (D. Del. 2004); *Securities & Exchange Comm. v. Doody*, 186 F. Supp. 2d 379 (S.D. N.Y. 2002); *Walsh Securities, Inc. v. Cristo Property Management, Ltd. et al.*, 71 F. Supp. 2d 523 (D. N.J. 1998).

judgment.  The Receiver must still carry the burden of proving all of the elements of his complaint, and Movants' have not shown that they cannot challenge the Receiver's allegations through expert testimony, or other evidence, without exposing Movants to the risk of incrimination.  As a result, Movants' basis for a stay is nothing more than a blanket assertion of the privilege against self-incrimination, which, as discussed, in an inadequate basis for a stay.   *Lot 5,* 23 F.3d at 364.

The Court acknowledges that Movants' invocation of their Fifth Amendment privilege will not prohibit the Receiver from arguing that an adverse inference be drawn against them as to that information on which they have chosen to remain silent.  *Baxter v. Palmigiano*, 425 U.S. 308, 317-18 (1976).  However, under the standard set by the Eleventh Circuit, the mere possibility of disadvantage in a civil proceeding, such as that which might result from this adverse inference, is insufficient to justify a stay at this point in the proceeding.  *See Securities & Exchange Comm. v. Rehtorik*, 755 F.Supp. 1018 (S.D. Fla. 1990) (stay denied where court found that defendants' exercise of Fifth Amendment rights would not give rise to automatic liability); *Shell Oil Co.*, 866 F.Supp. at 541-42 (stay denied where defendant invoking privilege would not be subject to summary disposition as a result).  If at a later stage when the record is more fully developed, after Movants' have asserted their defenses to the SAC and actually invoked their Fifth Amendment privilege in response to particular discovery requests or questions, and if it appears that because of the invocation of their privilege against self-incrimination it will

result in a certain loss by automatic summary judgment, Movants may reassert their motions to stay.

The Court also finds that the stay motion should be denied as to defendant Stenton Leigh Capital Corporation ("Stenton Leigh").  Stenton Leigh has not been indicted and is not a party to any pending criminal action.  Furthermore, the Fifth Amendment privilege against self-incrimination applies only to natural persons, and may not be asserted by or on behalf of a corporation.  *Braswell v. United States*, 487 U.S. 99 (1988); *Bellis v. United States*, 417 U.S. 85 (1974); *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661 (5th Cir. 1999).

Accordingly, for the reasons stated above, it is hereby

ORDERED AND ADJUDGED that Defendant, Martin Garvey's Motion to Stay or Abate [DE 389] is DENIED WITHOUT PREJUDICE; Defendant Eric Hauser's Motion to Adopt Co-Defendant Garvey's Motion to Stay or Abate [DE 390] is DENIED WITHOUT PREJUDICE; and Defendants, Milton Barbarosh and Stenton Leigh Capital Corp.'s Motion to Stay or Abate [DE 412] is DENIED WITHOUT PREJUDICE.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of March, 2009.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record
Magistrate Judge Linnea R. Johnson