UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60584-CIV-MARRA

COURT-APPOINTED RECEIVER OF
LANCER MANAGEMENT GROUP LLC,
et al.,

    Plaintiffs,
vs.

MICHAEL LAUER, et al.,

    Defendants.
_____/

### ORDER AND OPINION ON STENTON LEIGH & BARBAROSH'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Stenton Leigh Capital Corp. and Milton Barbarosh's Motion to Dismiss Plaintiff's Second Amended Complaint [DE 442]. The Court has carefully considered the motion, response and reply, and is otherwise fully advised in the premises.

**Introduction**

In his Second amended Complaint ("Complaint") [DE 358], the Receiver seeks damages on behalf of the Receivership Entities, and as person in control of Partners, for the misconduct of Michael Lauer ("Lauer") and various other defendants, including Stenton Leigh Capital Corp. ("Stenton Leigh") and Milton Barbarosh ("Barbarosh") (together "Defendants" or "Barbarosh Defendants"). The Receiver alleges that, as Valuation Specialists, Defendants provided business valuation and

appraisal services to the Funds,[1] dramatically overstating the value of various Lancer-Controlled Shells. Lauer used the false appraisals prepared by Stenton Leigh and Barbarosh to justify absurdly high valuations for certain of the Lancer-Controlled Shells. Compl. ¶¶ 82, 126-27, 137.

Specifically, with respect to Stenton Leigh and Barbarosh, the Receiver alleges causes of action for: (1) aiding and abetting breach of fiduciary duty (Count III); (2) unjust enrichment (Count IV); (3) professional malpractice (Count V); (4) breach of contract (Count VI); and (5) equitable restitution under ERISA §§ 502(a)(3) and 502(I) (Count IX).

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). When a defendant challenges the plaintiff's standing through a

---

[1] Lancer Management Group, LLC ("Lancer") was the investment manager for Lancer Offshore, Inc. ('Offshore"), Omnifund, Ltd. ("Omnifund"), Viator Fund, Ltd, ("Viator") and Orbiter Fund, Ltd. ("Orbiter") hedge funds. Michael Lauer was principal owner of Lancer and controlled its operations and activities. Lancer initiated orders for the purchase and sale of securities on behalf of Offshore and Orbiter. Lancer Management Group II, LLC ("Lancer II") was the sole general partner for Lancer Partners, LP ("Partners"). Lauer was solely responsible for its operations and activities. Lauer was the control person of Lancer and Lancer II (collectively "Lancer Management") and Offshore, Omnifund, Partners, LSPV, Inc. ("Offshore LSPV"), and LSPV, LLC ("Partners LSPV") (collectively "Funds"). Order and Opinion on Motion for Summary Judgment, *SEC v. Michael Lauer, et al.,* Case No. 03-80612-CIV-MARRA, DE 2133.

motion to dismiss, the court must construe all disputed facts in the light most favorable to the plaintiff in an effort to discern whether relief could be granted under any set of facts that could be proven consistent with the allegations.  *See Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1080 (11th Cir. 2004).

To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true" *Twombly*, 550 U.S. at 555 (citations omitted). Plaintiff must plead enough facts to state a plausible basis for the claim.  *Id*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,  - U.S. --, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 570).

**Discussion**

In the Motion to Dismiss, Defendants raise a number of arguments for dismissal of the Second Amended Complaint:

1. First, Defendants argue that the Bankruptcy Court Order relied upon by the Receiver to establish his standing to sue on behalf of Partners does not support such standing.

2. Second, Defendants argue the Receiver is barred from bringing its claims against the Defendants for lack of standing and the doctrine of *in pari delicto*.

3. Third, Defendants argue that the Receiver fails to state a claim for aiding and abetting breach of fiduciary duty against them because the Receiver fails to allege that they had actual knowledge of any fiduciary breach or that they provided "substantial assistance or encouragement" in the commission of the fiduciary breach.

4. Fourth, Defendants argue that the Receiver's claim for unjust enrichment should be dismissed because the Receiver fails to allege the lack of an adequate legal remedy and because the Receiver's breach of contract count precludes a claim for unjust enrichment.

5. Fifth, Defendants argue the Receiver fails to state a cause of action for professional malpractice.

6. Sixth, Defendants argue that the Receive's breach of contract claim is insufficient because the Receiver has failed to provide sufficient details of the contract at issue.

7. Seventh, Defendants argue that the Receiver has failed to state a cause of action under ERISA.

8. Eighth, Defendants argue that the Receiver's state law tort claims are barred by the statute of limitations.

9. And finally, a motion to strike is incorporated into the Motion to Dismiss. Barbarosh argues that the Receiver is not permitted to include a discussion pertaining to Barbarosh' invocation of his Fifth Amendment privilege.

**1.      Receiver's Authority to Cause Partners to Sue Defendants**

Defendants acknowledge that they are asserting "an argument raised in the Michael Lauer Motion to Dismiss filed July 28, 2006 (as well as by other defendants) directed at the original Complaint, namely that the Receiver has failed to establish his standing to assert any claims on behalf of Lancer Partners, L.P. ("Partners"), a debtor in bankruptcy.  This argument arises from the Receiver's contention that the Order entered by the Connecticut Bankruptcy Court on July 24, 2003 (the "July 24 Order") "empowers" him to assert claims on behalf of Partners.  Compl. ¶ 16.  We believe that the July 24 Order does not accord with the Receiver's allegations." DE 442 at 3.

Defendants recognize this argument was rejected when it was directed at the original complaint in Lauer's motion, and state they raise it again as to the Second Amended Complaint "only to protect the record."  DE 442 at 4, n.1.  No new argument is raised to suggest the Court should reconsider its ruling.  Therefore, as was found the first time,

> While this may be true [that Partners was not included among the entities for which the Receiver was appointed], Lauer also acknowledges that Lancer II is Partners' general partner, and Lancer II was one of the entities placed into  receivership.  Construing the facts in the light most favorable to the Receiver, the Receiver has alleged that he has the authority to exercise all the rights and duties of Lancer II, which is Partners' general partner.  In other words, Lancer II, as Partners' general partner, has the authority to cause Partners to bring suit.  Accordingly, the Court finds that the Complaint sufficiently alleges the Receiver's standing to cause Partners to sue Lauer.

Order and Opinion Denying Lauer's Motion to Dismiss [DE 284].

**2.     Standing and the doctrine of *in pari delicto*.**

The Defendants contend that the equitable doctrine of *in pari delicto* deprives the Receiver of standing to sue them.  The Receiver asserts that this argument fails for three reasons: (i) the doctrine does not apply to receivers; (ii) the Defendants do not have the power to invoke the doctrine; and (iii) the Receiver has standing to sue and the issue is premature at this stage of the pleadings.

This issue has been raised by other defendants in this case and the Court has ruled that *in pari delicto* is an affirmative defense, not a negation of standing, and affirmative defenses are not appropriate subjects for motions to dismiss.  *See* Order and Opinion on Motions to Dismiss, DE 353; *Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co., Inc.*, 267 F.3d 340, 346 (3d Cir. 2001) ("An analysis of standing does not include an analysis of equitable defenses, such as *in pari delicto*.  Whether a party has standing to bring claims and whether a party's claims are barred by an equitable defense are two separate questions, to be addressed on their own terms") (citations omitted).

The Defendants acknowledge that this Court has previously made this ruling but urges it to consider that when an equitable *in pari delicto* defense is asserted against a corporation or legal entity, it must be determined whether the misconduct of the corporation's agents is properly imputed to the corporation.  Defendants rely upon the tenet that because the Receivership Entities essentially served as the

vehicle for the Lauer's ponzi scheme, the entity wrongdoers should not, through its Receiver, be allowed to recover for the entities the fruits of the alleged scheme in which the entities were themselves a participant.  Since, in an ancillary case, the Receiver has successfully raised a theory which circumvents the *in pari delicto* defense,[2] this argument is denied without prejudice to the Defendants raising it later if it is determined that the Receiver's theory is not legally viable.  *See Steinberg v. Alpha Fifth Group, et al.*, Case No. 04-60899-Civ-Marra, Order and Opinion Denying United Neighborhood Houses' Motion to Dismiss, DE 715.

---

[2]  In *Scholes v. Lehmann*, 56 F.3d 750, 755 (7th Cir. 1995), the Seventh Circuit held that, during the operation of a ponzi scheme, the corporations created by the scheme operator were "robotic" "evil zombie" tools of the operator, but nonetheless separate legal entities in the eyes of the law that were forced (by the operator) to pay out funds to early investors instead of using the corporation's funds for legitimate investments. *Id*. at 754.  Once the scheme collapsed, "[t]he appointment of the receiver removed the wrongdoer from the scene."  Freed from his spell these former "zombie" entities became entitled to the return of the moneys-for the benefit not of the operator but of innocent investors-that the operator had made the corporations divert to unauthorized purposes. *Id*.  Other courts have agree with the Seventh Circuit's "colorful analysis" and found a Receiver has standing to bring fraudulent transfer claims because, although the losing investors will ultimately benefit from the asset recovery, the Receiver is in fact suing to redress injuries that the entities suffered when its managers caused the entities to commit waste and fraud.  *See, e.g., Donell v. Kowell*,  533 F.3d 762, 767 (9th Cir. 2008); *Knauer v. Jonathon Roberts Financial Group, Inc.*, 348 F.3d 230, 235 (7th Cir.  2003) ("As long as an entity is legally distinct from the person who diverted funds from the entity, a receiver for the entity has standing to recover the removed funds").  At the pleading stage, the Court will permit the Receiver to pursue this legal theory.  A determination of whether this theory is legally viable and whether the Receiver can prevail on this theory should await the development of a complete factual record.

3.    **Stating a Claim for Aiding and Abetting Breach of Fiduciary Duty**

Defendants assert that the Receiver's claim for aiding and abetting fails because the Receiver does not allege that the Barbarosh Defendants had actual knowledge of the alleged breaches of fiduciary duties.  "Rather, the Receiver merely alleges that 'all of the Barbarosh Defendants had actual *or constructive knowledge* of breaches of Fiduciary Duties that the [officers and directors] owed to the Funds.' Compl. ¶ 378."  DE 442 at 10 (emphasis in original).  Defendants claim that the knowledge component is further obfuscated, if not negated, by the Receiver's concession that Raker, Maum and Lauer assisted Stenton Leigh and Barbarosh by providing them with bogus information.  Compl. ¶ 300.

The Receiver responds that he adequately pled actual knowledge by alleging that Defendants benefitted monetarily from assisting Lauer and contributed to and witnessed the depletion of the Funds.  Compl. ¶¶ 126-28, 380-83.  The Receiver further asserts that the Defendants prepared various false appraisals of Lancer-Controlled Shells, dramatically overstating their values, "for the purpose of aiding Lauer's scheme to artificially inflate the NAV's of the Funds" and in order to generate substantial valuation fees for performing the appraisals.  Compl. ¶¶ 126-27, 169, 214, 247.  The Receiver also alleges that "[Stenton Leigh and Barbarosh] deliberately assisted and/or encouraged Lauer, Garvey, Hauser, and Raker with respect to the breaches of Fiduciary Duties."  Compl. ¶ 379.

In their Reply, Defendants state that "[t]his contention is belied by the wording of the complaint which does not unequivocally state that the Barbarosh Defendants had actual knowledge. Compl. ¶¶ 378-80." DE 474 at 8-9. The Court disagrees. The Receiver generally alleges both actual and constructive knowledge. He also describes fraudulent scenarios that could not have been performed without actual knowledge. The assertion that Defendants also had constructive knowledge does not negate the allegations that demonstrate that Defendants acted with actual knowledge. For instance, actual knowledge is apparent in allegations such as,

> Barbarosh was an officer or director of certain Lancer-Controlled Shells he appraised. By preparing artificially high appraisals, Barbarosh justified the Funds' investment of a significant sum of money into the shell. This, in turn, extended the lifespan of the shell and Barbarosh's tenure as an officer or director of the shell, and also provided the shell with money to pay Barbarosh's fees for acting as an officer or director. In other words, in certain instances, Barbarosh effectively received undisclosed fees in connection with his retention as an appraiser.

Compl. ¶ 129.

Defendants also assert that "the Receiver has not alleged that they provided 'substantial assistance' to the alleged primary wrongdoers in breaching their fiduciary duties. Rather, the Receiver merely alleges that "all of the Barbarosh Defendants *deliberately* **assisted and/or encouraged** Lauer, Garvey, Hauser, and Raker with respect to the breaches of Fiduciary Duties." DE 442 at 11 (emphasis in original).

To satisfy the substantial assistance element, the plaintiff must allege (1) recklessness and a duty to disclose and/or (2) conscious intent. *Woods v. Barnett*

*Bank of Ft. Lauderdale*, 765 F.2d 1004, 1010 (11th Cir. 1985).  The Receiver has sufficiently alleged conscious intent by asserting the Defendants provided Lauer with false and overstated valuations designed to aid Lauer in his scheme to grossly inflate the NAV's of the Funds and to generate substantial valuation fees for themselves. *See, e.g., id.* at ¶¶ 126-27, 169, 214, 247, 379-81.  Conscious intent can be inferred in a transaction which is atypical or lacks business justification.  *Woods,* 765 F.2d at 1010.  By alleging that Defendants substantially assisted Lauer by violating the standards of care articulated in the Uniform Standards of Professional Appraisal Practice ("USPAP") and the National Association of Certified Valuation Analysts ("NACVA") guidelines, which helped Lauer justify artificially high values for select companies, the substantial assistance element has been satisfactorily stated.  Compl. ¶¶ 166-67, 211-12, 243-44, 287-88.

      Indeed, in this case, the Court previously denied Shamrock Partners, Ltd. Motion to dismiss premised on a virtually identical argument.  *See* Order and Opinion on Motions to Dismiss, DE 353 ("Allegations that Shamrock and Kelly contributed to and witnessed the depletion of the Funds by intentionally setting artificially high bid prices for the Lancer-Controlled Shells satisfies the "high conscious intent" and a "conscious and specific motivation" to aid the fraud requirement.")  The Motion to Dismiss for failure to state a claim for aiding and abetting breach of fiduciary duties is denied.

4. **Unjust Enrichment**

Defendants assert that the Receiver's claim for unjust enrichment is legally deficient because the Receiver has failed to show that there is no adequate remedy at law that would satisfy the claims made in the Complaint, and that the breach of contract claim precludes the unjust enrichment claim.  This argument has been raised previously in this case and other ancillary cases, and has been rejected.  *See*, Order and Opinion on Motions to Dismiss, DE 353; see also Order and Opinion on Taubman's Motion to Dismiss, *Court-Appointed Receiver vs. Alfred A. Taubman as Trustee for the Taubman Ret. Rev. Trust, et al.*, Case No. 05-60199-CIV-MARRA, DE 96; Order and Opinion on Motions to Dismiss, *Court-Appointed Receiver vs. Michael Lauer, et al.*, Case No. 05-60584-CIV-MARRA, DE 353.  The Receiver may maintain an equitable unjust enrichment claim in the alternative to his legal claims against Defendants.

5. **Professional Malpractice**

Defendants correctly argue that the Complaint does not state a cause of action against them for professional malpractice.  The Receiver tacitly accepts this assertion by not addressing the argument in his response.  In this and other ancillary matters, the Court has dismissed this claim where it is not alleged that the defendant works in a profession that requires at a minimum a four-year college degree before licensing is possible.  Fla. Stat. § 95.11; *Garden v. Frier*, 602 So.2d 1273, 1275 (Fla.1992).  *See*, Order and Opinion on Motions to Dismiss, DE 353; *see also, Bruhl v.*

*PriceWaterhousecoopers Int'l.*, 03-23044-Civ-Marra, 2007 WL 983263 at *8 (S.D. Fla. Mar. 27, 2007). As the Complaint contains no allegations that a four-year degree is required to perform "valuation services," the motion to dismiss Count V for failure to state a claim for professional malpractice is granted.

**6.     Breach of Contract**

Defendants assert that the Receiver "fails to include even a single factual allegation regarding the purported contract or contracts between the Barbarosh Defendants and any of the Receivership Entities which provides the basis for a claim of breach of contract. "Under Florida law, '[i]t is elementary that in order to recover on a claim for breach of contract the burden is upon the claimant to prove by a preponderance of the evidence the existence of a contract, a breach thereof and damages flowing from the breach.'" *North American Clearing, Inc. v. Brokerage Computer Systems, Inc.*, No. 07-cv-1503, 2008 WL 341309, *2 (M.D. Fla. Feb. 5, 2008) (quoting *Knowles v. C.I.T. Corp.*, 346 So.2d 1042, 1043 (Fla. Dist. Ct. App. 1977)).

Under this standard and upon due consideration of the Complaint, the Court finds that the Receiver has sufficiently alleged that:

1)     Defendants agreed to provide services for the Funds pursuant to express oral and/or written contracts with the Funds.  Compl. ¶ 395;

2)     Defendants breached their contract with the Funds by aiding and abetting Lauer's and other's breaches of their fiduciary duties, by providing unreasonable investment advice, by providing incompetent consulting, investment,

and valuation services, and by exploiting the Funds for their own personal gain. Compl. ¶ 396-97; and

   3)   the Funds suffered substantial damages, which damages are articulated in five enumerated paragraphs as a direct result of the breach.  Compl. ¶ 398.

The Receiver has alleged sufficient facts to constitute a "short and plain statement of the claim" of breach of contract so as to provide sufficient notice to Defendants.  Fed. R. Civ. P. 8.  The motion to dismiss for failure to state a claim for breach of contract is denied.

Defendants also seek to strike the Receiver's demand of punitive damages in connection with the Receiver's claim for breach of contract.  The Receiver relies upon Florida case law which suggests punitive damages can be awarded where the acts constituting a breach of contract also amount to a cause of action in tort.  *Splitt v. Deltona Corp.*, 662 F.2d 1142, 1146 (5th Cir. 1981).

The cases upon which the Receiver relies, however, were decided before the Florida Supreme Court adopted the economic loss rule.  *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So.2d 1238 (Fla. 1996); *AMF Corp. v. Southern Bell Tel. & Tel. Co.*, 515 So.2d 180 (Fla. 1987); *Florida Power & Light Co. v. Westinghouse Elec. Corp.*, 510 So.2d 899 (Fla. 1987).  Since the economic loss rule has become the law in Florida, punitive damages cannot be awarded for a breach of contract.  Such damages can only be sought and recovered where the Plaintiff can allege and prove a tort separate and independent of the alleged contractual breach.  *Connecticut General*

*Life Ins. Co. v. Jones*, 764 So.2d 677 (Fla. Dist. Ct. App. 2000); *Richard Swaebe, Inc. v. Sears World Trade, Inc.*, 639 So.2d 1120 (Fla. Dist. Ct. App. 1994); *John Brown Automation, Inc. v. Nobles*, 537 So.2d 614 (Fla. Dist. Ct. App. 1988). In the count in question, the Receiver has alleged a claim for breach of contract, not for a tort separate and independent of the alleged contractual breach. As a result, Defendant's motion to strike the Receiver's demand for punitive damages in connection with his breach of contract claim is granted.

7. **Receiver's Standing to Assert Claim for Equitable Restitution Under ERISA**

Defendants argue that the Receiver does not standing to assert an ERISA claim because he does not have the authority or control respecting the management or disposition of the Fund's assets relief as an ERISA fiduciary. The Court has already found that by alleging that he is an ERISA fiduciary with respect to the underlying assets of Offshore, the Receiver sufficiently pleads that he has standing to assert ERISA claims. *See* DE 282 at 8; DE 284. Compl. ¶¶ 398-415. The Court has also found previously that a ruling on the equitable restitution issue is premature at the motion to dismiss stage. *See* DE 282 at 11; DE 284 at 15; DE 353 at 17. Defendants acknowledge the Court's prior rulings and concede in their Reply that this issue is more appropriate for summary judgment. Therefore, the motion to dismiss for failure to state a cause of action for equitable restitution under ERISA is denied.

8. **State Law Tort Claims and the Statute of Limitations.**

Defendants argue that the Receiver's claims for breach of fiduciary duty and

unjust enrichment are time barred under Fla. Stat. § 95.11(3).  The Court has previously determined that because the Receiver has not limited his recovery to causes of action solely under Florida law, the pleadings leave open the possibility that the laws of another jurisdiction such as New York, which has a six-year statute of limitations for the recovery of fraudulent transfers, may apply.  *See* Order and Opinion on Taubman's Motion to Dismiss, *Court-Appointed Receiver vs. Alfred A. Taubman as Trustee for the Taubman Ret. Rev. Trust, et al.*, Case No. 05-60199-CIV-MARRA, DE 96.  At this stage of the litigation, it is premature to undertake a choice of law analysis.  The motion to dismiss the Receiver's state law tort claims because they are barred by Florida's statute of limitations is denied.

**9.      Motion to Strike Barbarosh' Invocation of His Fifth Amendment Privilege.**

Barbarosh seeks to prevent introduction of adverse inferences of culpability arising from his refusal to testify in another proceeding at the pleading stage by asking the Court to strike references to such inferences from the Second Amended Complaint.  Barbarosh contends that the inclusion of allegations in the Complaint relating to his refusal to testify in a separate proceeding is "irrelevant" and "highly prejudicial."

The Constitution does not confer this level of protection upon Barbarosh.  The only way for a party to prevent an opposing party from using an adverse inference against them is to establish that (i) the party that remained silent is actually a defendant in a parallel criminal action, and (ii) the party that remained silent faces

certain defeat at summary judgment if the inference is applied.  *See Kozyak v. Poindexter (In re Financial Title Trust)*, 252 B.R. 834, 837-39 (Bankr. S.D. Fla. 2000) citing *United States v. Lot 5*, 23 F.3d 359, 364 (11th Cir. 1994) and *Pervis v. State Farm Fire & Casualty Co.*, 901 F.2d 944 (11th Cir. 1990).  Although Barbarosh is a defendant in a parallel criminal proceeding, Barbarosh has not alleged or established that he will be subject to automatic summary judgment in this proceeding due to his invocation of his Fifth Amendment rights.  Absent such a showing, Barbarosh's request to bar the Receiver from making any references to his refusal to testify constitutes an improper blanket assertion of the privilege, which cannot support the relief requested by Barbarosh.  *United States v. Two Parcels of Real Property*, 92 F.3d 1123, 1129 (11th Cir. 1996); *Pervis,* 901 F.2d at 946-47.

### Conclusion

According to the conclusions made herein, it is hereby

ORDERED AND ADJUDGED that Stenton Leigh Capital Corp. and Milton Barbarosh's Motion to Dismiss Plaintiff's Second Amended Complaint [DE 442] is DENIED in part and GRANTED in part.  The motion is denied in all respects except as to Count V, which is dismissed as to Defendants.  The motion to strike the Receiver's demand for punitive damages in connection with his breach of contract claim is

granted.  The motion to strike Barbarosh' invocation of his Fifth Amendment privilege is denied.

      DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 31st day of March, 2010.

                                                      KENNETH A. MARRA
                                                      United States District Judge

copies to:
All counsel of record