UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60584-CIV-MARRA

COURT-APPOINTED RECEIVER OF
LANCER MANAGEMENT GROUP LLC,
et al.,

    Plaintiffs,
vs.

MICHAEL LAUER, et al.,

    Defendants.
_____/

## ORDER AND OPINION DENYING STAY

THIS CAUSE is before the Court upon Martin Garvey's Request for Stay Pending Outcome of Michael Lauer's Appeal in SEC Case Before Eleventh Circuit [DE 522]. The Court has carefully consider Garvey's motion, the Receiver's response, and Garvey's "supplement." Garvey asks the Court to stay this action because of the purported bearing *Morrison v. Nat'l Austl. Bank Ltd.*, 130 S. Ct. 2869 (2010) ("*Morrison*") might have on Michael Lauer's appeal of this Court's order granting the SEC's motion for summary judgment against Lauer.[1]

When considering a motion to stay an Order pending an appeal, a court considers four factors: (i) whether the applicant made a strong showing that he is likely to prevail on appeal; (ii) whether the applicant will be irreparably injured

---

[1] Michael Lauer himself made the same motion in the case on appeal and that motion was denied. *See* Case No. 03-80612, DE 2421 (November 23, 2010).

absent a stay; (iii) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (iv) the public interest.  *See Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); *Jaffe v. Bank of America, N.A.*, 667 F. Supp. 2d 1299, 1323 (S.D. Fla. 2009); *Galdames v. N&D Inv. Corp.*, 2009 WL 691932 (S.D. Fla. March 13, 2009).  Granting a stay is extraordinary relief, and the moving party bears the burden of proof.  *Id*.

Garvey cannot satisfy any of the four factors listed above.  First, Garvey has not established a strong showing that Lauer is likely to prevail on his appeal.  As the Receiver demonstrates in his response, *Morrison* is distinguishable from the facts of the Receivership Case.  See DE 524.  The Lancer entities involved in this case traded substantial securities on U.S. exchanges, over-the counter markets and pink sheets for U.S. companies.  Additionally, the securities were of U.S. based companies. Thus, Garvey has failed to satisfy the first element for justifying a stay.

Second, Garvey has not presented any argument or fact that would demonstrate that he would be irreparably injured absent a stay.  Third, it is clear that an issuance of a stay would further injure the victim investors and creditors by delaying resolution of this proceeding.  Therefore, Garvey has failed to satisfy the second and third elements needed to obtain a stay of litigation pending an appeal.  Finally, the public interest, including the interests of the investors and creditors, militates in favor of denying the motion for stay and permitting the Receiver to proceed with the action against Garvey.  Hence, Garvey has not satisfied the fourth

factor to obtain a stay. Garvey's supplement to his motion raises an issue relative to the disclosure by the United States to Michael Lauer's criminal defense counsel of a prior statement made by a witness the government expects to call in Lauer's criminal case. This disclosure is irrelevant to Lauer's appeal and the instant motion. Accordingly, it is hereby

ORDERED AND ADJUDGED that Martin Garvey's Request for Stay Pending Outcome of Michael Lauer's Appeal in SEC Case Before Eleventh Circuit [DE 522] is DENIED.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of February, 2011.

KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record
Martin Garvey, pro se