UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60584-CIV-MARRA/HOPKINS

COURT-APPOINTED RECEIVER OF
LANCER MANAGEMENT GROUP LLC, et al.,
    Plaintiff,
v.     (05-60584-CIV-MARRA)
MICHAEL LAUER, et al.,
    Defendants.
_____/
MARTY STEINBERG, as court-appointed
Receiver for LANCER MANAGEMENT GROUP
LLC, et al.,
    Plaintiff,
v.     (04-60899-CIV-MARRA)
ALPHA FIFTH GROUP, et al.,
    Defendants.
_____/
MARTY STEINBERG, as court-appointed
Receiver for LANCER MANAGEMENT
GROUP INC., et al.,
    Plaintiff,
v.     (05-60145-CIV-MARRA)
CABLE ROAD INVESTMENTS LTD., et al.,
    Defendants.
_____/

## ORDER AND OPINION

THIS CAUSE is before the Court upon Martin Garvey's Motion to Dismiss the Consolidated "Insider" Case [DE 770] and Defendant Michael Lauer's Motion to Adopt/Join Martin Garvey's Motion to Dismiss [DE 801]. The Court has carefully considered the motion, supplement, response and reply, and is otherwise fully advised in the premises.

## Introduction

Approximately one year ago, the Securities and Exchange Commission ("SEC") responded to a Freedom of Information Act request made by Michael Lauer ("Lauer"). It produced a non-public four page document entitled, *In the Matter of Lancer Offshore, Inc.*, "Order Directing Private Investigation and Designating Officers to Take Testimony." The document considered a staff report that stated Lauer and Lancer Management (and certain of their present and/or former officers, directors, employees, agents, affiliates and other persons and entities) may have, among other things, operated a fraud upon purchasers of three hedge funds through manipulative trading practices. The report deemed it possible that violations of Section 17(a) of the Securities Act of 1933, Section 10(b) of the Securities Exchange of 1934, and Rule 10b-5 promulgated thereunder, as well as Sections 206(1) and (2) of the Investment Advisers Act of 1940 had occurred.

It ordered and directed the SEC to conduct a private investigation into Lancer Offshore and designated officers of the SEC to subpoena witnesses, compel their attendance, take evidence, require the production of any books, papers, correspondence, memoranda, contracts, agreements, or other records deemed relevant or material to the inquiry, and to perform all other duties in connection therewith. DE 770 at 8-9. This document indicates that on June 27, 2003, there was a Request for Commission Action with regard to Offshore, which was signed by the Assistant Secretary and the Duty Officer Commissioner on July 3, 2003, and

subsequently signed by five Commissioners, including the Chairman, from July 3, 2003 through July 7, 2003.

Because this document was issued just three days before the SEC requested and was granted the appointment of a receiver *in the primary SEC enforcement action* (Case No. 03-80612-CIV-MARRA) (the "SEC Action"), Martin Garvey ("Garvey") argues the SEC had no actual findings of a formal investigation and therefore no authority to upgrade the Lancer Offshore investigation from an informal matter under inquiry to a formal SEC investigation and the filing of a federal case.  Garvey alleges the SEC representatives purposely withheld this and other vital facts from the Court resulting in Marty Steinberg being appointed receiver in an *ex parte* hearing, the Lancer Funds being shuttered, and the Receiver illegally and without proper SEC authorization by its commissioners, taking over the Lancer Offshore Funds.

Garvey argues that this consolidated action should be dismissed because the SEC supposedly did not obtain proper authorization to institute the Receivership over the Offshore Funds (the "Funds") or to seek the appointment of the Receiver in the SEC Action.  Garvey argues, "[t]he SEC commissioners did not sanction or authorize the actions taken with respect to the Lancer Offshore Funds by the Court at the fraudulent and deceitful urging of the Miami SEC, including the appointment of a receiver.  The Receiver's appointment was improper and illegal because it was not duly authorized by the SEC commissioners.  Therefore, the Receiver should not have legal standing in this consolidated "Insider" action." DE 800 at 5-6.  Garvey makes

the additional argument that the inclusion of various Funds as relief defendants was improper and could not authorize the SEC or the Receiver to assume control over the Funds.  Based on these arguments, Garvey asserts that this ancillary case against him should be dismissed.

The Receiver responds that Garvey is barred procedurally from raising these arguments in a motion to dismiss because (1) he waived them, (2) because they are an impermissible attack on prior orders of this Court, and (3) Garvey has no standing to challenge decisions regarding the Funds.

**Collateral Attack**

The Receiver argues Garvey's attacks regarding the SEC's authority to seek the appointment of the Receiver or the naming of certain Receivership Entities as relief defendants are impermissible collateral attacks on a prior order of this Court that was entered in a completely different action.  The Court agrees.  "Since a court of equity has jurisdiction and power to make an ex parte appointment, such an appointment is not void and must be attacked on direct appeal as an abuse of discretion.  The appointment may not be attacked collaterally in a proceeding separate and apart from that in which the appointment is made." *Arkansas Louisiana Gas Co. v. Kroeger*, 303 F.2d 129, 132 (5th Cir. 1962)[1] ("The power to make an ex parte

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

appointment is properly exercised when the receivership is required by some urgent necessity, and whether or not such a necessity exists is a matter for the discretion of the trial court.  If he acts improvidently, the appointment is irregular but not void"); *see also Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 495-96 (1933).

Interestingly, Garvey overlooks the last page of his Exhibit A, which shows that the SEC staff was authorized to file "an emergency civil action against Lauer, LMG and LMG II and name Offshore, Omnifund and others as relief defendants.  It also shows that expedited injunctive action was needed because "Lauer and Lancer Management remain in control of substantial investor assets.  A temporary restraining order is needed to ensure that the Court considers this matter on an expedited basis."  DE 770 at 10.  All of this occurred prior to the SEC's filing of the Complaint in the SEC Action, or its request for the appointment of the Receiver.

As to Garvey challenging the naming of various Receivership Entities as relief defendants in the SEC Action for the purpose of obtaining a dismissal of this action, Garvey is without standing.  The Receiver's appointment and ability to bring the Insider Action and Alpha Fifth Action against Garvey is not dependent upon whether various Receivership Entities were named as relief defendants in the underlying SEC Action.  Therefore, in accordance with the findings above, it is hereby

ORDERED AND ADJUDGED that Defendant Michael Lauer's Motion to Adopt/Join Martin Garvey's Motion to Dismiss [DE 801] is granted but Martin Garvey's Motion to

Dismiss the Consolidated "Insider" Case [DE 770] is denied.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of March, 2014.

_____
KENNETH A. MARRA
United States District Judge